**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**LAURA GRANT,**

      **Plaintiff,**

**vs.**                              **CASE NO. 1:05CV204-MMP/AK**

**MICHAEL J. ASTRUE,[1]
Commissioner of Social Security**

      **Defendant.**

_____/

**<u>REPORT AND RECOMMENDATION</u>**

      This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act (Act) for review of a final determination of the Commissioner of Social Security (Commissioner) denying Plaintiff's applications for disability insurance benefits (DIB) under Title II of the Act and supplemental security income benefits (SSI) filed under Title XVI of the Act.

      Upon review of the record, the Court concludes that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

---

      [1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, as the Defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. §405(g).

A.      **PROCEDURAL HISTORY**

Plaintiff filed applications for DIB and SSI on September 15, 2000, alleging a

disability onset date of February 10, 2000, because of back and neck problems.

Plaintiff petitioned for a hearing before an administrative law judge (ALJ), who

conducted a hearing on May 15, 2003, and entered an unfavorable decision on July 23,

2003.  The Appeals Council denied Plaintiff's request for review, thus making the

decision of the ALJ the final decision of the Commissioner.  This action followed.

B.      **FINDINGS OF THE ALJ**

The ALJ found that Plaintiff had cervical and lumbar disc disease, esophagitis,

post-traumatic stress disorder and substance abuse, which are severe impairments

within the meaning of the Act, but which do not meet any of the requirements of any of

the Listings of Impairments.  (R. 21-22).  The ALJ acknowledged that Plaintiff has some

medical impairments, i.e. cervical and spine impairments, the physical examinations

have revealed no radiculopathy, motor, sensory or reflex deficits, no active

inflammation, normal gait, station, grip strength, no evidence of muscle atrophy or

wasting, and minimal findings of spasm or tenderness.  (R. 22).  The ALJ therefore

found her allegations to be exaggerated, especially since there are no records of

attending pain management clinics, no evidence of other treatments for pain, and given

her dishonesty about substance abuse support the ALJ's finding that she is not credible.

(R. 22-23).  The ALJ also noted that no treating source has concluded that she is

**No. 1:02CV125-SPM/AK**

unable to work and her own testimony of being restricted to lifting no more than 15
pounds with no repetitive movement does not support her allegations that she is
completely unable to do any work activity.  (R. 23).  Based on the RFC on record, the
ALJ concludes that Plaintiff can perform sedentary work and that her past relevant work
as a telemarketer is not precluded by her work level restrictions.  (R. 25).

**C.     ISSUES PRESENTED**

Plaintiff argues that the ALJ erred in finding her capable of performing her past
relevant work, specifically that she could return to her work as a telemarketer because
she experiences continuous pain which precludes this work.

The Commissioner responds that the ALJ considered the record as a whole,
particularly the objective and opinion medical evidence, treatment measures, evidence
of substance abuse and drug seeking behavior, evidence of symptom exaggeration,
daily activities and work history to conclude that her testimony about pain and limitations
resulting from pain were not credible.

The issue thus presented is whether the Commissioner's decision that Claimant
is not disabled is supported by substantial evidence in the record and decided by proper
legal standards.

**D.     STANDARD OF REVIEW**

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court.  The
Commissioner's decision must be affirmed if it is supported by substantial evidence and
the correct legal standards have been applied.  Graham v. Apfel, 129 F.3d 1420, 1422

**No. 1:02CV125-SPM/AK**

(11th Cir. 1997). Findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g). <u>Miles v. Chater</u>, 84 F.3d 1397, 1400 (11th Cir. 1996). "Substantial evidence" has been defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Foote v. Chater</u>, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam). It is more than a scintilla, but less than a preponderance. <u>Bloodsworth v. Heckler</u>, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). The court may not reweigh the evidence or substitute its judgment for that of the Commissioner. <u>Wolfe v. Chater</u>, 86 F.3d 1072, 1076 (11th Cir. 1996). It must determine only if substantial evidence supports the findings of the Commissioner. <u>See</u> <u>Bridges v. Bowen</u>, 815 F.2d 622, 624 (11th Cir. 1987) (per curiam). Even if substantial evidence exists which is contrary to the Commissioner's findings, where there is substantially supportive evidence of the Commissioner's findings, the court cannot overturn them. <u>Barron v. Sullivan</u>, 924 F.2d 227, 230 (11th Cir. 1991). Unlike the deferential review accorded to the Commissioner's findings of fact, his conclusions of law are not presumed valid. <u>Martin v. Sullivan</u>, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted). The Commissioner's failure to apply correct legal standards or to provide the reviewing court with an adequate basis for it to determine whether proper legal principles have been observed requires reversal. <u>Id.</u> (citations omitted).

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be

No. 1:02CV125-SPM/AK

expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).  To qualify as a disability the physical or mental impairment must be so severe that claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ."  42 U.S.C. § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps:

1.   Is the individual currently engaged in substantial gainful activity?

2.   Does the individual have any severe impairment?

3.   Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4.   Does the individual have any impairments which prevent past relevant work?

5.   Do the individual's impairments prevent any other work?

A finding of disability or no disability at any step renders further evaluation unnecessary.  Plaintiff bears the burden of establishing a severe impairment that keeps him from performing his past work.  If Plaintiff establishes that his impairment keeps him from his past work, the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given Plaintiff's impairments, Plaintiff can perform.  Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986); MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986).  If the Commissioner

**No. 1:02CV125-SPM/AK**

carries this burden, Plaintiff must prove that he cannot perform the work suggested by

the Commissioner.  Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987).  It is within

the district court's discretion to affirm, modify, or reverse a Commissioner's final

decision with or without remand. 42 U.S.C. § 405(g); Myers v. Sullivan, 916 F.2d 659,

676 (11th Cir. 1990).

**E.    SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY**

        Plaintiff was injured in an automobile accident which resulted in the fusion of C5-

C6 in 1992.  (R. 107, 168-169).  An x-ray on January 28, 2000, showed no evidence of

instability at the fusion sight or fracture (R. 143) and an MRI done on March 18, 2000,

showed some disc profusion above the fusion and some nerve root impingement below

the fusion.  (R. 134).

        There is considerable evidence of drug seeking behavior where Plaintiff

presented at the emergency room several times demanding pain medication.  (R. 159-

161, 286).  Plaintiff was suspected of exaggerating her pain symptoms to obtain pain

medication (R. 289-296), and was convicted of fraudulently obtaining pain medication

for which she was on probation.  (R. 375-378   ).

        Plaintiff's treating physician, Dr. Ruiz, wrote a letter on her behalf dated May 14,

2003, but did not state that he thought she was disabled, he was assuring whomever

that she was now off benzodiazepines.  (R. 229).  His accompanying treatment notes

are replete with substance abuse and drug seeking behaviors.  (R. 231, 243, 249-250).

**No. 1:02CV125-SPM/AK**

Plaintiff was hospitalized following a suicide attempt and found to have a positive toxicology screen for benzodiazepines, cocaine and amphetamines.  (R. 264-265).  Her alcohol level was so high the staff was told to be on alert for delirium tremens.  (R. 265).  She was admitted to Meridian via court order and treated for valium withdrawals.  (R. 328-440).  She initially denied any legal problems, alcohol or drug use, but she was currently on probation and presented with drugs and alcohol in her system.  (R. 357, 365).

The results of a consultative examination by Dr. Greenberg revealed by x-ray the prior fusion with moderate degenerative disc changes.  (R. 210).  He attempted diffusing capacity tests, but Plaintiff gave a poor effort.  (R. 213-220).  His impression was hypertension, history of Hepatitis C, recurrent bouts of bronchitis and pneumonia, severe osteoarthritis of the cervical and lumbar spine, and right hand, such that she was not able to perform work requiring heavy lifting or bending or prolonged standing or walking.  (R. 207).

A mental evaluation was also obtained with the result that there was no psychological condition that would hinder her from obtaining or maintaining employment.  (R. 192-194).

A RFC based on treating source records assessed her as capable of sedentary to light work.  (R. 221-228).

**No. 1:02CV125-SPM/AK**

**F.**     **SUMMARY OF THE ADMINISTRATIVE HEARING (held on May 15, 2003)**

Plaintiff was 47 years old at the time of the hearing.  (R. 457).  She had a

bachelors degree in teaching and an associates degree in nursing, completing six years

of college.  (R. 457).  She taught in a private school in the past and used her nursing

education in the home health field working with disabled or geriatric patients in their

homes.  (R. 459).  She also worked as a book buyer, traveling to different colleges

around the state, and as a restaurant trainer for Olive Garden.  (R. 461).  She worked in

a warehouse, and as a telemarketer, and most recently as a maid, which she only did

for a few months.  (R. 463-464).  While she was working at the maid service she had an

accident (hit from behind while driving) at which time she was allegedly put on a no-

work status by her doctor.  (R. 464).  Since she has been restricted to lifting no more

than 15 pounds, no repetitive movements, her back and neck injuries, as well as her

post traumatic stress disorder prevent her from working in the fields she is trained for.

(R. 465).  Plaintiff claims that she needs additional fusions in her neck because of nerve

root compression.  (R. 467).  The result of her back and neck pain is that she is in

continuous pain at a level 8 on a scale of 1 to 10.  (R. 468).  She has tried acupuncture,

massage therapy and takes pain medication.  (R. 468).  She is currently taking

methadone which causes her to fall asleep 10 to 12 times a day.  (R. 469).  She claims

to take this medication as prescribed.  (R. 469).  Sitting or standing more than 30

minutes at a time causes her to have extreme pain.  (R. 469).  Her PTSD causes her to

be house bound 3 to 4 days a week.  (R. 472).  She takes Effexor and Seroquel for

**No. 1:02CV125-SPM/AK**

these problems.  (R. 472).  She claims to be sober and off drugs since her incident in

April (the hearing was in May) after working with Dr. Ruiz and with a period of four years

off alcohol while attending AA.  (R. 476-477).

A vocational expert testified at the hearing, in response to a hypothetical that

asked him to assume an individual with a college education limited to sedentary work,

with no repetitive activity,  that she could do her previous work as a telemarketer.  (R.

483-484).

**G.      DISCUSSION**

A finding that a person can perform her past relevant work ends the five-step

evaluation process at Step Four.  20 CFR § 404.1520(a)(4).  While the ALJ *may* use the

testimony of a vocational expert to supplement the claimant's own testimony about how

past relevant work was performed, he may also rely on other sources, including her own

description of that work, and is not required to call a vocational expert for Step Four

analysis.  20 CFR § 404.1560(b).  Because the evaluation process did not proceed to

Step Five, the ALJ was not required to assess whether she met the Guidelines.  The

Guidelines only apply when a person cannot perform her past relevant work, and the

Administration has the burden of showing that there are other jobs a person with her

age, education, and work experience can perform.

Plaintiff contends that the ALJ should have considered her allegations of pain in

assessing her ability to work as a telemarketer.  The Eleventh Circuit uses the following

standard in assessing whether pain should be considered a non-exertional limitation:

**No. 1:02CV125-SPM/AK**

> There must be evidence of an underlying medical condition and (1) there
> must be objective medical evidence to confirm the severity of the alleged
> pain arising from the condition or (2) the objectively determined
> medical condition must be of a severity which can reasonably be expected to give
> rise to the alleged pain.

Hand v. Heckler, 761 F.2d 1545, 1549 (11th Cir. 1986).  While the ALJ in the present

case concluded that Plaintiff has severe conditions, he also examined and recited key

portions of the medical evidence that supported his finding that the conditions were not

of the type to produce disabling pain.  (See R. 22).  The ALJ pointed to objective

medical tests such as x-rays and an MRI, as well as other objective factors which

convinced him that the conditions were not as alleged.  Further, the ALJ articulated

several specific reasons why he rejected Plaintiff's allegations of pain which are amply

supported by the record.  See  Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir.

1987)(ALJ must articulate explicit and adequate reasons for rejecting a claimant's

credibility); Jones v. Department of HHS, 941 F.2d 1529 (11th Cir. 1991) (ALJ may

properly find subjective complaints not credible so long as she articulates  reasons that

are supported by the record).  The ALJ pointed to medical records showing that Plaintiff

exaggerated her pain to receive narcotics.  Plaintiff's drug seeking behavior diminishes

her credibility. See Anderson v. Barnhart, 344 F.3d 809, 815 (8th Cir. 2003); and

Anderson v. Shalala, 51 F.3d 777, 780 (8th Cir. 1995)(drug seeking behaviors cast a

"cloud of doubt" over the legitimacy of a claimant's numerous doctor's visits and

discredits allegations of disabling pain).  The ALJ pointed to the fact that Plaintiff had a

substance abuse problem, which was long standing, and for which she had only

**No. 1:02CV125-SPM/AK**

recently received treatment and that she was on probation for prescription fraud.  A claimant's past history of dishonesty and criminal behavior related to dishonesty may be considered when assessing crediblity.  See Fair v. Bowen, 885 F.2d 597, 604 n.5 (9th Cir. 1989); McNeil v. Apfel, 34 F. Supp.2d 1255, 1260 (D. Or. 1998).  The Court notes, too, that Plaintiff testified at the hearing to having been sober and off alcohol for some time, yet her most recent hospital admission included such a high alcohol blood level that the staff was alerted to take "DT precautions."  (R. 265).  Her toxicology was also positive for illicit drugs, such as cocaine and amphetamines.  Despite the seriousness of this hospital admission just a few weeks before the hearing, Plaintiff dismissed the ALJ's questions about her substance abuse as "I have passed that" and "I'm no longer in that position in my life."  (R. 476).  Whether this is denial or a deliberate attempt to deceive is beside the point.  There is a level of dishonesty in her self-reports that was properly considered by the ALJ and is noted by the Court and is support for the ALJ's finding that her credibility is doubtful.  Having discredited her allegations of severe and disabling pain, he was not required to consider it in assessing her ability to work, and without that consideration, her exertional limitations, as she herself described them, do not preclude her past relevant work.

Accordingly, it is respectfully **RECOMMENDED**:

**No. 1:02CV125-SPM/AK**

That the decision of the Commissioner denying benefits be **AFFIRMED**.

At Gainesville, Florida, this **_10_**$^{th}$ day of April, 2007.


**_s/ A. KORNBLUM_**
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**



**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**No. 1:02CV125-SPM/AK**